UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. CR-05-151-FVS |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | REQUEST TO SET CONDITIONS OF |
| ) | RELEASE |
| DAVID SCOTT FOTHERINGHAM, ) | |
| ) | ---- **ACTION REQUIRED** ---- |
| Defendant. ) | **BY BOTH PARTIES** |
| ) | |

At the September 29, 2005, hearing on Defendant's oral Motion (Ct. Rec. 30) to set conditions of release, Defendant appeared with counsel Frank Cikutovich; Assistant U.S. Attorney Stephanie A. Whitaker represented the United States. Defendant's parents appeared in court in support of the Defendant.

The court, having considered the proffers of Defendant and Plaintiff, finds Defendant is 50 years of age and resides with his girlfriend, Joan Grondahl. Conflicting information was given to Pretrial Services by Ms. Grondahl. When first contacted by Pretrial Services, she stated she did not know where Defendant lived.

Defendant's parents currently reside in Kelowna, British Columbia. His father is retired from the Canadian Armed Forces, and his mother is a retired clerical worker. Defendant has worked as an iron worker for 32 years and currently has full-time employment available to him through the union. He does not have a criminal history that is deemed significant within the meaning of the Bail

ORDER GRANTING DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE - 1

1 Reform Act.  That history is limited to a DUI that occurred more
2 than 15 years ago.  While he is facing a penalty in the captioned
3 matter of a mandatory minimum of 5 years, if this matter goes to a
4 penalty phase, it appears that Defendant may be "safety valve"
5 qualified, which would mean considerably less jail time.

6      The United States contends it is very difficult to secure the
7 return of Canadian citizens if they choose to fail to appear for
8 their U.S. court dates.  A review of the case file reflects there
9 have been very few failures to appear from Canadian citizens who
10 have been released.  The court notes in passing there is one case
11 pending in which an individual was released and failed to appear,
12 but has been returned to face trial in the United States with the
13 result he may spend considerably more time in jail than he otherwise
14 would have had he appeared.  This is anecdotal evidence that there
15 is a remedy available in the unlikely event that a Defendant makes
16 the poor choice of failing to appear for disposition of his case in
17 the United States.

18      Defendant proffers that if released, he would live with Ms.
19 Grondahl in Surrey.  Alternatively, he is willing to live with his
20 parents, if that were the court's direction.  The undersigned does
21 not consider residence with Ms. Grondahl to be appropriate in light
22 of the inconsistent statements given by her to Pretrial Services.
23 However, the undersigned finds that residing with his parents in
24 Kelowna, British Colombia, would be appropriate. Accordingly,

25      **IT IS ORDERED** that the Defendant's oral Motion **(Ct. Rec. 30)** is
26 **GRANTED**.  Defendant shall be released on the following conditions:
27      1.   **Defendant must sign and file with this court a Waiver of**
28 **Extradition that reflects it was reviewed and explained, not only by**

ORDER GRANTING DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE - 2

**Defendant's criminal defense attorney in the captioned matter, but also by Defendant's Canadian attorneys, for purposes of validity under Canadian law. Defense counsel also shall sign the Waiver.** Consultation with Canadian counsel may be by telephone at the Spokane County Jail, or Defendant may request a custodial telephonic meeting to occur at the United States Courthouse in Spokane. If consultation with Canadian counsel is telephonic, a separate declaration signed by the Canadian counsel, certifying a consultation has occurred, may be filed in lieu of a signature on the Waiver. **The court notes this condition has been satisfied.**

2. **Defendant timely shall arrange with the U.S. Attorney for the proper "parole documents," which reflect permission by the appropriate United States agencies to authorize Defendant's re-entry into the United States for purposes of attending the pretrial conference and trial and any other court or commitment dates.**

3. It is Defendant's responsibility to know his court dates, and he shall appear at all proceedings and surrender as directed for service of any sentence imposed. Defendant represents that he promises to do so voluntarily.

4. Defendant shall not commit any offense in violation of Canadian, federal, state or local law.

5. Defendant shall advise the court and the United States Attorney in writing and receive written permission from the court before any change in address.

6. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

7. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

ORDER GRANTING DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE - 3

8.  **Except for travel to the Eastern District of Washington for court-related matters,** Defendant shall remain in the Kelowna, British Columbia, Canada, area while the case is pending.  On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office in Spokane, Washington.

9.  Defendant shall not possess a firearm, destructive device or other dangerous weapon.

10.  Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

11.  Defendant shall refrain from the excessive use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

12.  Defendant shall report to the United States Probation Office before or immediately after his release and shall report at such times and in such manner as they direct.  Defendant shall contact his attorney at least once a week.

13.  Defendant shall post a $100,000 cash (U.S. currency) bond, plus a $100,000 appearance bond, to be co-signed by Defendant's parents and Ms. Grondahl.

14.  **Prior to release, Defendant shall surrender his passport to the United States Probation Office,** or file a declaration that he does not possess and will not apply for a passport.  Defendant shall

ORDER GRANTING DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE - 4

1  not reapply for a passport while the captioned case is pending. **The**
2  **court notes this condition has been satisfied.**

3  15.  If the United States requests a *Nebbia* hearing, they
4  timely shall notify the court prior to Defendant's release, and the
5  hearing shall take place prior to Defendant's release.

6  16.  Defendant, his parents, and Ms. Grondahl shall sign a copy
7  of this Order, and return the copy to Pretrial Services to evidence
8  their understanding and agreement they shall notify Pretrial
9  Services if they anticipate or know of Defendant's violation of this
10 Order.

11 **Defendant is advised a violation of any of the foregoing**
12 **conditions of release may result in the immediate issuance of an**
13 **arrest warrant, revocation of release and prosecution for contempt**
14 **of court, which could result in imprisonment, a fine, or both.**
15 **Specifically, Defendant is advised a separate offense is established**
16 **by the knowing failure to appear and an additional sentence may be**
17 **imposed for the commission of a crime while on this release.  In**
18 **this regard, any sentence imposed for these violations is**
19 **consecutive to any other sentence imposed.**

20 **IT IS FURTHER ORDERED:**

21 1.  The United States Marshal shall keep Defendant in custody
22 until notified by the District Court Executive or judicial officer
23 that Defendant has posted bond and/or complied with all other
24 conditions for release.  Until such time, Defendant shall be
25 produced before the appropriate judicial officer at the time and
26 place specified.

27 2.  At all times Defendant remains in the custody of the
28 Attorney General pending trial, regardless of whether it is in his

1  capacity as head of the United States Marshals Service, BTS, or
2  both, Defendant shall be afforded reasonable opportunity for private
3  consultation with counsel and delivered to the United States Marshal
4  for appearances in this court as required.
5       DATED October 3, 2005.


                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

READ, UNDERSTOOD AND AGREED TO:

_____
David Scott Fotheringham        Date

_____
Joan Grondahl                   Date

_____
Cyril Fotheringham              Date

_____
Jean Fotheringham               Date

ORDER GRANTING DEFENDANT'S REQUEST TO SET CONDITIONS OF RELEASE - 6